Filed 12/18/13  P. v. Kelly CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>EDWIN KELLY,<br><br>　　　　Defendant and Appellant. | B249262<br><br>(Los Angeles County<br>Super. Ct. No. TA124642) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Kelvin D. Filer, Judge.  Affirmed.

Craig C. Kling, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Edwin Kelly appeals from the judgment of conviction following a jury trial. We affirm.

On October 31, 2012, defendant was charged with one count of second degree robbery (Pen. Code, § 211).[1] It was also specially alleged defendant had suffered several prior convictions and served prior prison terms within the meaning of section 667.5, subdivision (b). The information alleged that on August 24, 2012, defendant and his codefendant Saladin Minor[2] unlawfully took, by force and fear, personal property from victim B.R. At his arraignment, defendant pled not guilty.

The case proceeded to a jury trial in May 2013. During the trial, the victim, B.R., attested to the facts and circumstances of the incident in which defendant, codefendant Minor, and one other unidentified male, rear-ended the victim's car. B.R. identified defendant in court, and explained that after he got out from the front passenger seat while she was trying to exchange information with Minor (who was the driver), defendant walked up to her car and grabbed her purse out of the vehicle. She described him as wearing a blue plaid shirt. She said defendant and Minor then ran back to their car and got in. The third male ran off and did not go back to the car. Both Minor and defendant tried to hit the victim as she attempted to retrieve her purse from their vehicle. Minor attempted to drive off while B.R. was still reaching into their car, and crashed into a semi-truck, injuring B.R.

Los Angeles Police Department (LAPD) patrol officer Ryan Lozano and his partner, officer Arthur Gonzalez, testified to witnessing a portion of the incident. They came upon the scene, witnessed the struggle between B.R., Minor and defendant, the

---

[1] All further undesignated section references are to the Penal Code.

[2] Codefendant Minor is not a party to this appeal.

crash with the semi-truck, and then saw defendant get out of the front passenger seat and attempt to flee.

LAPD officer Gilberto Tovalin also testified to responding to the scene of the incident and apprehending defendant, who had been wearing a blue shirt and black shorts. Defendant was located hiding nearby, with his shirt on the ground next to him. He was placed under arrest at that time.

Erik Rivera, the driver of the semi-truck, testified during the trial and identified defendant as a participant in the robbery.

Video from a nearby store's security camera was played for the jury, as were segments of video from the responding officers' dashboard cameras.

Defense counsel argued to the jury, both in opening statement and in closing argument, that the evidence showed defendant was not the one who took the purse out of the car, but rather, it was the third male (wearing a white T-shirt and black shorts) who did so and eluded capture by the police. Defendant testified in his own defense that he did not get out of the vehicle after the collision and did not take B.R.'s purse from her car. He said he did not know that a robbery was being planned, but that he had simply asked codefendant Minor for a ride to a friend's home, and that he attempted to flee because he panicked and feared going back to jail. Defense counsel explained the defense version that the video supported defendant's testimony he had not gotten out of the vehicle after the accident.

The jury found defendant guilty of second degree robbery. Defendant waived his right to a jury trial on his prior convictions. At the sentencing hearing, defendant admitted two prior prison term convictions. The court sentenced defendant to a state prison term of six years, consisting of the upper term of five years on the robbery count, plus one year for one prior prison term. The court exercised its discretion under section 1385 to strike the other prison term prior. Various fines and fees were imposed, and defendant was awarded 610 days of precustody credits.

Defendant filed a timely notice of appeal. We appointed appellate counsel to represent defendant. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that he reviewed the record and sent a letter to defendant explaining his evaluation of the record. Counsel further declared he advised defendant of his right, under *Wende*, to submit a supplemental brief within 30 days.

On November 14, 2013, defendant submitted a two-page handwritten letter brief. Defendant does not identify any specific claim of error. Defendant only asserts his belief that an enhanced version of the security videotape of the incident would show that he did not take the victim's purse out of her car. Defendant contends that if an enhanced version was obtained, the clothes worn by the individual taking the purse could be better seen and it would reveal that it was not defendant, who was wearing a blue plaid shirt on the day of the incident, and not a white T-shirt as reflected in the video.

The jury was provided the videotapes to view in the jury room during deliberations. The jury was able to hear and assess the precise claim defendant now urges would be shown by an enhanced version of the videotape, specifically that defendant was not a participant in the robbery of B.R. That claim was rejected by the jury. Defendant has not shown a request to submit an enhanced version of the videotape evidence (assuming that could be accomplished) was made and denied, or whether admission of such evidence would reasonably result in a more favorable outcome to defendant. (Cal. Const., art. VI, § 13.)

We have examined the entire record and are satisfied that appointed counsel fully complied with his responsibilities in assessing whether or not any colorable appellate issues exist. We conclude there are no arguable appellate issues. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra,* 25 Cal.3d 436.)

4

**DISPOSITION**

The judgment of conviction is affirmed.

GRIMES, J.

We concur:

BIGELOW, P. J.

RUBIN, J.